Martin, J.
delivered the opinion of the court. Lewis, a partner of Lee, in his absence, obtained a meeting of the creditors of the firm, to deliberate on its affairs. Previous to the meeting, some of the creditors suggested their apprehension of his withdrawing with the effects of the firm and held him to security: at the same time the court appointed provisional syndics.
At the meeting, he made a cession of the goods of the firm and prayed for his discharge. A great majority of the creditors, both in number and amount, refused to accept the cession and to grant a discharge.
He prayed for the homologation of the proceedings, and a great number of the creditors joined in a suggestion of fraud and opposed the homologation. A jury was empannelled to try the question of fraud: they could not agree and were discharged by consent. Lewis then prayed and had leave to discontinue his suit. The creditors, several weeks after, prayed for the reinstating of the suit, which the judge declined. They appealed from the judgment of discontinuance.
*674 The whole record is brought up and Lewis insists on his right to discontinue. His counsel relies on Partida 5, 15, 2. 4 Febrero juicios, 25.ff de cessione bonorum 42, 3. Curia Philipica 198, 19, Partida 6, 2 29.
The fifth partida provides that if a ceding creditor says that he wishes to recover his goods, before they are sold, and pay his creditors or contest their claims, they are not to be sold and he is to be heard.
This does not establish clearly any right in him to withdraw his suit and resume his goods: on the contrary it implies that the suit ought to he continued, since he is to be heard. The authority seems to provide for the suspension of the sale, till the judgment pronounces on his application, which consequently cannot be considered as a matter of absolute right.
Febrero says the ceding debtor may repent, pursue his rights against his creditors, liquidate their several claims and prevent the sale of his goods: but this, he says, is where the cause is entire; which is when the creditors do not accept and do not present themselves; but not after the contestation, if they oppose him, unless he pays them.
Qui bona cedit, ante rerum venditionem, utique bonis non caret; quare si paratus fuerit se *675 defendere, buna ejus non veneunt, say the pandects: qui pœnitet bona cessisse, potest se defendere et consequi ne bona ejus veneant.
The author of Curia Philipica tells us, like Febrero, that the ceding debtor may repent and pursue his actions: provided the thing be entire, and that the, thing is entire, before the cession is accepted by the creditors and the concourse formed.
The sixth partida cited applies to the general right of plaintiffs to discontinue.
In procedings, on a cession of goods, it is not clear that the debtor, tho’ he be considered as the petitioner is absolutely so and entitled to all the advantages of a plaintiff. He is but quasi a plaintiff. Febrero considers him as a defendant, como reo que es aunque parece actor.
Our legislature has provided that creditors may refuse a surrender in case of fraud. Civil Code, 294. article 71. The suggestion of fraud, on which this right is bottomed, must regularly be made before, since the object of it is to decline, an acceptance.
In this case there was a suggestion of fraud, and issue was joined fraus vel non. There was therefore a complete contestatio litis. The proceedings thereby passed out of that state of entirety, during which the debtor might repent and de *676 mand to be dismissed. If it were otherwise, he might for ever keep his creditors at bay. For when could the matter be brought to a close? After dismissing his application to be admitted to a cession, the debtor would renew it as soon as the creditors would press him; and where fraud was again suggested, would it not be the debtor's game to repent again? Then would not the creditors be compelled to relinquish the pursuit or submit to an acceptance and abandon the suggestion of fraud?
Duncan for the plaintiffs, Grymes for the defendants.
It is ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that the suit be remanded, with directions to the judge to proceed to trial and judgment, and that the appellee pay costs.
GENERAL RULE.
When the appellant does not rely (wholly or in part) on a statement of facts, bill of exceptions or special verdict, but expects to shew error on the face of the record, he shall file an assignment of errors, within ten days after the record is brought up, otherwise the appeal will be dismissed.